No. 72,113

In the Matter of MICHAEL R. NORLEN, *Respondent.*

(886 P.2d 347)

Opinion filed December 9, 1994.

*Stanton A. Hazlett*, deputy disciplinary administrator, argued the cause, and *Bruce E. Miller*, disciplinary administrator, and *Marty M. Snyder*, deputy disciplinary administrator, were with him on the formal complaint for the petitioner.

*Michael R. Norlen*, respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Michael R. Norlen, of Overland Park, an attorney admitted to the practice of law in the State of Kansas. The formal complaint filed against respondent alleges violations of MRPC 1.1 (1993 Kan. Ct. R. Annot. 258); 1.3 (1993 Kan. Ct. R. Annot. 263); 1.4 (1993 Kan. Ct. R. Annot. 267); 3.3 (1993 Kan. Ct. R. Annot. 314); and 8.4 (1993 Kan. Ct. R. Annot. 347).

A formal hearing before the panel of the Kansas Board for Discipline of Attorneys was held on February 11, 1994. Respondent appeared in person and stipulated that the factual allegations set out in the complaint are true.

The facts which are the basis for the complaint against respondent are as follows:

"The Complainant . . . retained the Respondent, Michael R. Norlen, in January of 1989, to collect approximately $6,000.00 from a former business associate. The Respondent was paid a retainer of $400.00 and was given an additional $100.00 to cover filing and service fees. A lawsuit was filed by the Respondent alleging a breach of contract claim in February of 1990. The lawsuit was filed by the Respondent after it was determined by the Respondent that the Complainant's claim was disputed.

"[T]he Respondent filed a Motion for Summary Judgment on behalf of the plaintiff. On June 26, 1991, the plaintiff's Motion for Summary Judgment was denied.

. . . .

"Subsequent to the summary judgment decision the case was set for trial. The defendant offered to confess judgment in the amount of $1,500.00. The Respondent relayed this offer to the Complainant, but the offer was rejected.

The Complainant told the Respondent that he would accept nothing less than $4,000.00. The Respondent reported this counter offer to defendant's counsel and it was refused.

". . . The Respondent [filed a] stipulation for dismissal, agreed to dismiss the counts with prejudice, accept[ed] $1,500.00 for the settlement of the Complainant's claims, agreed that the plaintiff should pay the costs and stipulated that the plaintiff would not maintain any further action against the defendant arising out of the facts of the filed case. The Respondent accepted the defendant's offer to confess judgment and dismissed the Complainant's case without consulting the Complainant. The Respondent told the Complainant that the case had been continued after having settled the matter.

"At a later date the Respondent contacted the Complainant and informed him that the defendant's mother had come into some money and offered to settle the case in the amount of $3,500.00. The Complainant authorized the Respondent to accept this offer. On March 5, 1993, the Complainant went to the Respondent's office and was given a Money Order in the amount of $3,500.00. The Respondent paid the Complainant with the Respondent's own funds.

"At the time the Complainant received the $3,500.00 he was not given any settlement documents. Subsequently, the Complainant asked the Respondent to provide him with settlement documents and an accounting of what he owed the Respondent. Three (3) months passed and the Complainant had still not received the settlement documents or an accounting. The Complainant then filed a complaint with the Disciplinary Administrator's Office."

The panel unanimously concluded that by clear and convincing evidence respondent's actions violated

"(a) MRPC 1.4(a) in that the respondent failed to keep a client reasonably informed about the status of a legal matter and failed to promptly comply with reasonable requests for information.

"(b) MRPC 1.4(b) in that the respondent failed to explain a legal matter to a client so that the client was able to make informed decisions regarding the representation.

"(c) MRPC 3.3(a) in that the respondent did knowingly make a false statement of material fact or law to a tribunal.

"(d) MRPC 8.4(c) in that the respondent engaged in conduct that involved dishonesty, deception or misrepresentation."

The panel recommends that respondent be suspended from the practice of law in the State of Kansas for a period of six months. In making the recommendation, the panel took into consideration the following mitigating factors:

1. Absence of a prior disciplinary record other than one informal admonition.

2. Respondent is not guilty of selfish motive in this violation.

3. Respondent cooperated with the Disciplinary Administrator's Office and was very forthright in relation to the proceedings.

Respondent filed no exceptions to the report of the panel. The court, after a careful review of the record and the report and recommendation of the disciplinary hearing panel, accepts and concurs in the findings, conclusions, and recommendations of the disciplinary panel.

IT IS THEREFORE ORDERED that Michael R. Norlen be and he is hereby suspended from the practice of law in the State of Kansas for a period of six months from this date.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218 (1993 Kan. Ct. R. Annot. 187); at the end of the six-month suspension, respondent will be reinstated upon furnishing proof of compliance thereof to the Clerk of the Appellate Courts.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.